**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Barry Jerrod Stanley, Appellant.

Appellate Case No. 2014-000767

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2016-UP-194
Submitted February 1, 2016 – Filed May 11, 2016

**AFFIRMED**

Appellate Defender Tiffany Lorraine Butler, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Interim Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hernandez*, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) ("When ruling on a motion for a directed verdict, the trial court is concerned with

the existence or nonexistence of evidence, not its weight."); *id.* (stating if the State fails to produce evidence of the charged offense, then the defendant is entitled to a directed verdict); *State v. Cope*, 405 S.C. 317, 348, 748 S.E.2d 194, 210 (2013) ("In an appeal from the denial of a directed verdict motion, the appellate court must view the evidence in the light most favorable to the State."); *id.* (stating this court must affirm the trial court's decision to deny a directed verdict motion and submit the case to the jury if there is any direct or substantial circumstantial evidence reasonably tending to prove the defendant's guilt); S.C. Code Ann. § 44-53-375(C) (Supp. 2015) ("A person . . . who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of ten grams or more of . . . cocaine base . . . is guilty of a felony which is known as 'trafficking in . . . cocaine base . . . .'").

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.